UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN UZ CASTRO, (A 222-561-256),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-07338-DC-CKD<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner, a citizen of Guatemala, entered the United States at some point in time without inspection. ECF No. 6 at 4, 6, 8. On May 4, 2026, a U.S. Border Patrol agent encountered Petitioner during a vehicle stop in Fort Myers, Florida and turned him over to U.S. Immigration and Customs Enforcement ("ICE"), who detained and initiated removal proceedings against Petitioner. Id. at 6, 8-11. On August 25, 2026, Petitioner received a custody redetermination hearing in which an immigration judge ("IJ") found Petitioner to be a flight risk and denied bond or release. Id. at 13. Though Petitioner reserved his right to appeal the IJ's custody decision, it does not appear that he filed an appeal. Id. See also EOIR Automated Case Information

https://acis.eoir.justice.gov/en/caseInformation/. Removal proceedings remain pending. See Id.

Petitioner filed an application for writ of habeas corpus on September 11, 2026, claiming that prolonged detention without a hearing in which the government bears the burden to show danger or flight risk violates the Due Process Clause of the Fifth Amendment. ECF No. 1. Respondent maintains that 8 U.S.C. § 1225(b)(2)(A) governs Petitioner's detention and argues that Petitioner has not exhausted his administrative remedies. ECF No. 6.

## II. Legal Standards

### A. Constitutional Standards

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

The Due Process Clause "protects individuals against two types of government action: violations of substantive due process and procedural due process." United States v. Quintero, 995 F.3d 1044, 1051 (9th Cir. 2021) (internal quotation omitted). An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

### B. Statutory Immigration Framework

"Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The relevant detention statutes at issue here are 8 U.S.C. §§ 1225(b)(2) and 1226(a).

Under 8 U.S.C. § 1225, a noncitizen who arrives in the United States or is present in the U.S. but has not been admitted is treated as an applicant for admission. Jennings v. Rodriguez, 583 U.S. 281, 286 (2018). Noncitizens determined to be inadmissible under certain specific

grounds are covered by § 1225(b)(1) and subject to expedited removal unless they demonstrate a credible fear of persecution, after which they are detained pending adjudication of their application for asylum. 8 U.S.C. § 1225(b)(1). All other applicants for admission not covered by § 1225(b)(1) fall under § 1225(b)(2). Those subject to § 1225(b)(2) "shall be detained" while placed in removal proceedings.

Noncitizens who are already present in the U.S. but are subject to removal proceedings may be detained pursuant to 8 U.S.C. § 1226(a). Unlike those detained under § 1225(b)(2), where detention is mandatory, those detained under § 1226(a) may be released on bond or conditional parole. 8 U.S.C. § 1226(a)(2). When a noncitizen is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. See 8 C.F.R. § 236.1(c)(8). After this initial custody determination, the noncitizen may request a bond redetermination by an IJ. 8 C.F.R. § 236.1(d)(1). For each subsequent bond redetermination, the noncitizen's request may be considered "only upon a showing that the [noncitizen]'s circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The IJ's bond decision is appealable to the Board of Immigration Appeals ("BIA") pursuant to 8 C.F.R. § 1003.19(f).

## III. Analysis

### A. Applicable Detention Statute

Respondent's position that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) is contrary to recent Ninth Circuit precedent. Noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). Because ICE detained Petitioner in the interior of the United States after he had already been present in the U.S. for some time, § 1226 governs Petitioner's detention.

### B. Exhaustion

In contrast to 28 U.S.C. § 2254, which requires habeas corpus petitioners in state custody to exhaust administrative remedies, § 2241 does not specifically require petitioners to exhaust direct appeals. Castro-Cortez v. INS, 239 F.3d 1037, 1047 n. 11 (9th Cir. 2001), *abrogated on*

*other grounds by* Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006)). Courts may require exhaustion as a prudential matter where "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003) (citation omitted). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

Courts in this district have found that the Puga factors strongly weigh in favor of requiring exhaustion when a petitioner requests review of an IJ's custody determination. Fernandez Vasquez v. Cruz, No. 1:26-CV-00476-DAD-EFB, 2026 WL 252055 (E.D. Cal. Jan. 30, 2026), citing Martinez v. Scott, No. 2:25-cv-01538-TSZ-GJL, 2025 WL 2689844 (W.D. Wash. Aug. 27, 2025) (finding that the BIA has the appropriate expertise to provide a complete record, relaxation of the requirement to appeal would encourage the deliberate bypass of the administrative scheme, and the BIA has the ability to correct any agency mistakes, eliminating the need for judicial review). Additionally, courts in this district have found that none of the Laing exceptions apply when petitioners have requested review of an IJ's bond determination. Fernandez, 2026 WL 252055, citing Martinez, 2025 WL 2689844. In the instant case, Petitioner has not appealed the IJ's bond determination to the BIA and thus has not exhausted his administrative remedies.

**C. Due Process**

Even if the Court were to waive exhaustion, Petitioner has not demonstrated that § 1226(a)'s procedural protections provide inadequate procedural protections as applied to him. In Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022), the Ninth Circuit held that § 1226(a) offers constitutionally sufficient procedural safeguards, though the Court did not foreclose all as-applied challenges to § 1226(a) detention. Rodriguez Diaz, 53 F. 4th at 1213. Petitioner was afforded a bond hearing in which an IJ examined whether Petitioner poses a danger to the

community or a risk of flight, and Petitioner reserved his right to appeal the IJ's decision. Challenges to the IJ's custody determination could have been addressed by the BIA. 8 C.F.R. § 1003.19(f). Should materially changed circumstances arise, Petitioner may request an additional bond hearing before an IJ. 8 C.F.R. § 1003.19(e).

**IV. Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's application for a writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 cast7338.imm.fnr