UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CASTRO UZ (A-222-561-256),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-07338-DC-CKD (HC)<br><br><u>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. No. 7) |

Petitioner, an immigration detainee prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 9, 2026, the magistrate judge filed findings and recommendations. (Doc. No. 7.) The magistrate judge found that Petitioner failed to exhaust his administrative remedies and recommended that the petition for a writ of habeas corpus be denied. (*Id.*) The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (*Id.*) No objections to the findings and recommendations have been filed.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo.

*See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). In accordance with this court's prior decisions, the undersigned will decline to adopt the findings and recommendations and will grant the petition for a writ of habeas corpus and order that Petitioner be released from custody.

This court has held that due process relief is warranted where the government fails to provide the procedural protections under 8 U.S.C. § 1226(a) within a reasonable period of time after revoking a noncitizen's liberty without prior notice or a pre-deprivation bond hearing. *See Brito v. U.S. Immigr. and Customs Enf't*, No. 1:26-cv-07869-DC-CSK, 2026 WL 3120979 (E.D. Cal. Oct. 19, 2026) (granting injunctive relief and petition for a writ of habeas corpus on due process grounds for a noncitizen detained under 8 U.S.C. § 1226(a) because the noncitizen was not provided with a custody redetermination hearing until approximately six weeks after he requested one); *Rodriguez Ramos*, No. 1:26-cv-08388-DC-CSK, Doc. No. 11 (E.D. Cal. Oct. 23, 2026) (similar); *see also Aguilar Moreno v. Chestnut*, No. 1:26-cv-07855-DC-JDP, 2026 WL 3136176, at *3 (E.D. Cal. Oct. 20, 2026) (granting temporary restraining order and writ for habeas corpus, and ordering immediate release of the noncitizen where there was "no indication that the arresting officer [made] an initial custody determination and [permitted] the noncitizen to demonstrate that his release [was] proper"). Here, Respondents do not provide evidence showing that Petitioner was provided with a custody determination hearing upon his detention, so it is unclear whether Petitioner was provided with this statutorily-mandated process or provided with a timely opportunity to request a custody redetermination hearing. Indeed, Petitioner was not provided with a custody redetermination hearing before an immigration judge until nearly four months after he was detained. (Doc. No. 6 at 13–14.) Therefore, for the reasons articulated in *Brito*, the undersigned finds that Petitioner's right to procedural due process was violated when he was not timely provided with all procedural protections he was statutorily entitled to under 8 U.S.C. § 1226(a), and that the proper remedy for this violation is Petitioner's return to the "status quo ante litem, meaning his last uncontested status immediately preceding the pending controversy." *Brito*, 2026 WL 3120979, at *4 (citation modified).

Accordingly, IT IS HEREBY ORDERED that:

1. The court DECLINES TO ADOPT the findings and recommendations filed October 9, 2026 (Doc. No. 7);

2. The petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Petitioner Juan Castro Uz (A-222-561-256) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his current immigration detention. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

   b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

   c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

   d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

   e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

/////

/////

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 24, 2026**

Dena Coggins
United States District Judge